The Commission claims that Main, as auditor has refused to use such revised and equalized valuations for computation of taxes to be collected in 1925.

Tax Commission's prayer is that Main be ordered to proceed with computation of taxes due from real estate owners in Delaware County on basis of valuations revised.

---

No. 124
TAYLOR v. TAYLOR
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5308. Decided Nov. 3, 1924.

681—JURISDICTION—Insolvency Court has concurrent jurisdiction for alimony and divorce.

923—PLEADINGS—Prayer for alimony in petition; and prayer for divorce and alimony in amended petition does not extinguish jurisdiction of Court over the amended one.

SULLIVAN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

This action was begun in the Cuyahoga Insolvency Court wherein Hannah Taylor filed her petition for alimony against John Taylor. Service was had on John who filed a cross-petition in which he prayed for a restraining order that petition of Hannah be dismissed, and for other equitable relief. Hannah then filed an amended petition praying for divorce and alimony and final determination of issues.

No pleading was filed by John to said amended petition. At the trial of the case the Insolvency Court granted Mrs. Taylor the decree desired, overruling Taylor's verbal objection to the jurisdiction of the Court. He brings the cause to the Court of Appeals seeking to have judgment in the lower court reversed.

Taylor avers that the trial Court did not have jurisdiction over the amended petition for the reason that the original petition was for alimony only, and an amendment by way of divorce was repugnant to the original cause of action.

The Court of Appeals held:

1. Divorce and alimony are inter-related, coming under the head of domestic relations; and the cause in the amended petition was in no way repugnant to the one set up in the original petition.

2. Sec. 1637-9 clearly shows that the intent of the legislature was to give the Court of Insolvency concurrent jurisdiction with the Common Pleas in divorce and alimony cases, regardless of whether the prayer was for alimony and divorce separately, or jointly.

3. Substantially speaking, causes for alimony are very similar to those for divorce, and amendment to prayer for alimony including divorce would not be in the nature of an amendment, if allegations for alimony in original petition were sufficient to support the prayer for divorce.

Judgment of lower court affirmed.

Attorneys—T. C. Brinsmade, for John Taylor; C. J. Zinner for Hannah Taylor; both of Cleveland.

---

No. 125
FOTI v. LEWIS, ADM.
Ohio Appeals, 9th Dist., Summit County
No. 886. Decided Jan. 9, 1925.

703. LANDLORD AND TENANT—Landlord liable for reasonably safe maintenance of walk, used by tenants, in common.

WASHBURN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

This action was one in the Summit Common Pleas in which John Lewis, Administrator, sought to recover damages from his landlord, Frank Foti, for the wrongful death of a 5-year-old son. The parents of the child were tenants of Foti living in one of his houses, near the scene of the accident. The boy with some playmates was playing marbles by the side of a wall, which stood over a walk leading to the homes of the tenants; when it fell and killed the child. Said wall was not close to the house in which the boy lived, but the children and tenants were in the habit of going past the wall to and from their homes.

Foti admitted he had arranged to have the wall repaired some months before the accident; and acknowledged that a tenant had moved out because of the close proximity of said wall to his house. The Common Pleas returned judgment in favor of Lewis. Foti claimed that the boy was a trespasser when the accident occured and no liability on his part should exist.

The Court of Appeals held:

1. The inference drawn from Foti's testimony was that the walks to the houses were under his control, and under the circumstances the boy had a right to be on the premises and Foti owed him the duty to see that the walk along side the wall was maintained in a reasonable safe condition; and the liability of Foti did not depend upon wanton and willful negligence.

2. The general rule that where a landlord

## STATE COURT OF APPEALS—Continued

reserves to himself the control of part of the premises, for common use of tenants, such as stairways, halls or walks, he is obligated to maintain such parts in a reasonably safe condition, obtains here.

Judgment of Common Pleas affirmed.

Attorneys—Staley and Trunko for Foti; Benner, Harter, Walker & Watters for Lewis, all of Akron.